[Civil No. 3206. Filed January 5, 1933.]

[17 Pac. (2d) 813.]

JOSEPH C. FURST, City Clerk of the City of Phoenix, W. J. JAMIESON, Superintendent of Streets of the City of Phoenix, and CITY OF PHOENIX, a Municipal Corporation, Appellants, v. PHOENIX-TEMPE STONE COMPANY, a Corporation, Appellee.

Mr. L. C. McNabb, City Attorney, for Appellants.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellee.

ROSS, C. J.—This is an appeal by defendants from a judgment on the pleadings. The facts as they appear in the complaint and answer will be stated in the course of the opinion. The plaintiff, Phoenix-Tempe Stone Company, it appears, was awarded the contract to do some paving on Polk Street in the city of Phoenix. It is not questioned but that the proceedings leading up to the award were legal and

in all respects in conformity to the street improvement act (section 511 et seq., Rev. Code 1928). Under section 520 of said act it is provided that notice of the award shall be given by publication, and if no protest is filed within twenty days from the date of the first publication, the successful bidder shall enter into a contract to make the improvement; and if objections to any previous acts or proceedings are filed at any time within fifteen days from the date of first publication by any lot owner and rejected, the successful bidder shall enter into a contract to make the improvement *"within five days from receiving notice from the clerk of such rejection."* (Italics ours.) There were objections filed, and the city commission on November 5, 1930, rejected them and directed the defendant city clerk to give notice to plaintiff to enter into the contract for said improvement. On the same day the action of *Mary E. Wilson* v. *City of Phoenix* was instituted for the purpose of enjoining the city from proceeding with the improvement. This action was tried in March, 1931, and resulted in permanently enjoining the city from proceeding with the improvement. No restraining order, however, was issued until upon final hearing. Upon appeal to the Supreme Court the judgment was reversed and the injunction vacated. *City of Phoenix* v. *Wilson,* 39 Ariz. 250, 5 Pac. (2d) 411. The mandate from the Supreme Court was filed in the superior court on December 26, 1931. Pending the Wilson case the city clerk, out of deference to the courts and in pursuance of an order duly entered on October 22, 1931, in the minutes of the city commission "that the matter of paving (of Polk Street) be held in abeyance until this suit is determined," did not give the notice to plaintiff to enter into the contract; and for the same reason the plaintiff took no action to complete the contract, although ready, able and willing to do so.

At regular meetings of the commission held December 4th, 9th, 16th and 30th the matter of said paving was presented by persons for and against the improvement and the commission took no official action thereon, but the members thereof at various times unofficially advised the city clerk not to give plaintiff the notice to enter into the contract. The defendant clerk insists that the city commission should give him some express authority to give the notice to the contractor to enter into the contract, and refuses to proceed unless directed to do so by a court of competent jurisdiction.

This suit was commenced December 29, 1931, to compel the city clerk to give notice to plaintiff to enter into the contract and to compel the superintendent of streets, Jamieson, to execute on behalf of the city the contract for the improvement. The court ordered the city clerk to give the notice to the plaintiff and the superintendent of streets to execute the contract, and they have appealed.

It is plain that no cause of action is stated against the superintendent of streets. It does not appear that he has refused to execute the contract for the city or that he has been requested to do so. It is, of course, not only necessary to state the facts that show that the superintendent of streets was by virtue of his office charged with the duty of executing the contract in behalf of the city, but also that he had refused to do so.

The act it is sought to compel the clerk to perform is purely ministerial. The law specifically imposes upon him the duty to give the notice as the result of his office, and if he is not relieved therefrom by the course of conduct of the parties hereafter related, may be compelled to do so. Section 4396, Rev. Code 1928. The statute (section 520, *supra*), it will be noticed, does not fix the time within which the clerk

must perform this duty after the objections have been rejected. The nature of the case would require him to give the notice to the successful bidder as soon as the routine of his official duties would permit, or within a reasonable time under all the circumstances. The notice was not given because on the very day the objections to the paving were rejected the Wilson suit was brought. Doubtless it was concluded that if the Wilson suit was successful any contract entered into to pave Polk Street would be void and unenforceable and for that reason the whole proceeding to pave was suspended pending the outcome of the Wilson suit. This suspension or postponement of the work of paving Polk Street, it seems, was adopted upon the mutual understanding of all parties, including the plaintiff, for the latter took no affirmative action toward completing the contract until the Wilson suit was finally decided, although for three months after the suit was filed no injunction against proceeding with the paving was issued, and the parties during that time were at liberty to go forward with the paving without being in contempt of court. The plaintiff acquiesced in the delay, and in the city commission's order of October 22, 1931, holding in abeyance the paving on Polk Street until the suit was determined. The result of the Wilson suit left the way open for the city to proceed with the paving. The particular reason for holding in abeyance the matter of paving Polk Street no longer existed. It is urged by the plaintiff that when that obstacle was removed the clerk's duty to give the notice became active, and that it was not only his duty but within his power to proceed with the paving matter by giving the notice to the plaintiff to enter into the contract. Under the statute the ministerial act of giving the notice to the contractor devolves upon the clerk

and it arises upon the rejection of the objections to the improvement.

Granting that the city commission might have taken action to relieve the city clerk of the duty of giving the notice to the plaintiff to enter into the contract, the commission has not done so. While it has been importuned by interested parties to proceed with the paving and also not to proceed, the commission has failed and refused to take any affirmative action toward abandoning the improvement. Officially the commission is committed to make the improvement. The power to abandon the improvement, if it exists, is in the commission as a body and not in its members acting separately and as individuals.

If this action were one to compel the commission to proceed with the improvement, or the superintendent of streets to enter into a written contract in behalf of the city, it might be a serious question whether the awarding of the contract to plaintiff gave plaintiff such a vested right as would authorize the maintenance of the action. Dillon on Municipal Corporations, fifth edition, volume 2, section 810, says: "After the opening of the bids, the ascertainment of the lowest or most favorable bidder, and the adoption of a resolution that the contract be awarded to him, *does not make a completed contract* between the municipality and the bidder, when the *charter* requires that all contracts relating to city affairs shall be in writing, or when the advertisement so specifies." See, also, Elliott's Roads and Streets, 4th ed., vol. 1, § 638. But that question is not before us, and we do not decide it.

We think the complaint states a cause of action against the city clerk, and the judgment as to him is affirmed, but reversed as to the superintendent of streets, with instructions to dismiss as to him.

LOCKWOOD and McALISTER, JJ., concur.